# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

YVETTE KELSO and JAMES KELSO,
her husband,

    Plaintiffs,

vs.                                            Case No.: 8:09-cv-01286-T-17-TGW

BIG LOTS STORES, INC. d/b/a BIG LOTS,

    Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's, Big Lots Stores, Inc. d/b/a Big Lots (hereinafter Big Lots Stores), Motion to Dismiss Amended Complaint or, in the alternative, require Plaintiff to file a more definite statement. (Dkt. 4).

## BACKGROUND and PROCEDURAL HISTORY

This case was originally filed on or about June 9, 2009, in the Sixth Judicial Circuit in and for Pinellas County, Florida. (Dkt. 2). Shortly thereafter, this case was removed from State Court to Federal Court. (Dkt. 1). Plaintiffs, Yvette and James Kelso, filed a two count complaint. (Dkt. 2). Count I alleges that the Defendant owed a duty to Plaintiff, Yvette Kelso and others similarly situated, to maintain the premises in a reasonably safe manner, which was breached by allowing a thick, clear slime to collect on

the floor. (Dkt. 2). Count I also alleges that the Defendant negligently maintained the area where the incident occurred in the following manner: by allowing this thick, clear slime to collect on the floor; Defendant knew or should have known of the negligent condition; by failing to warn the Plaintiff, and others who would be in and around the area, of the hazardous condition; Defendant recognized the hazardous condition and failed to remedy the condition prior to Plaintiff's fall; and by not properly and completely cleaning the area before allowing Plaintiff into the area. (Dkt. 2). Plaintiffs also asserts that the negligent condition was known to Defendant and/or had existed for a sufficient length of time so that Defendant should have known of it. (Dkt. 2). Plaintiffs also aver that this negligent condition was not open and obvious to the Plaintiff. (Dkt. 2). As a direct and proximate cause of Defendant's negligence, Plaintiff suffered bodily injury, which resulted in: pain and suffering; impairment; disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; expense of hospitalization; medical and nursing care treatment; loss of earnings; loss of ability to earn money; and aggravation of a pre-existing condition. (Dkt. 2). Plaintiffs allege that these injuries are permanent and continuing in nature and assert that these injuries will cause losses and impairment in the future. (Dkt. 2).

Count II re-alleges and incorporates by reference the same allegations made in Count I. (Dkt. 2). Further, Count II sets forth a loss of consortium claim, claiming that James D. Kelso, Yvette Kelso's husband, lost companionship, society, and services of Yvette Kelso while she was recuperating from her injuries as a result of the negligence of the Defendant.

On or about July 10, 2009, Defendant filed a Motion to Dismiss or Strike

Complaint, or Alternatively, for a More Definite Statement and Incorporated Supporting Memorandum. (Dkt. 4). On or about August 4, 2009, Plaintiff filed Response to Defendant's Motion to Dismiss or Strike Complaint, or Alternatively, for a More Definite Statement and Incorporated Supporting Memorandum. (Dkt. 10).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure states that "[a] later pleading may refer by number to a paragraph in an earlier pleading[; i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." See Fed. R. Civ. Pro. 10(b). Furthermore, Federal Rule of Civil Procedure 10(c) works in concert with 10(b), allowing a party to incorporate allegations within the same pleadings or other pleadings by reference so as to encourage pleadings that are short, plain statements in accordance with Federal Rule of Civil Procedure 8. See Fed. R. Civ. Pro. 10(c), 8.

A shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund., L.L.C. v. Spear, Leads, & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) (deciding that the third amended complaint, which contained 127 paragraphs, all incorporated by reference into nine separate counts created an "onerous task" for the trial court to sift through). More specifically, "these types of cases [involving a shotgun complaint] invariably begin with a long list of general allegations, most of which are immaterial to most of the claims of relief. The general allegations are

incorporated by reference into each count of the complaint." <u>Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.</u>, 162 F.3d 1290, 1333 (11th Cir. 1998) (finding that a fifty-page complaint that contained 173 total paragraphs, thirty-seven of which were generalized paragraphs that were incorporated by reference into each count of the complaint was a shotgun complaint). If a complaint "was framed in complete disregard of the principle that separate discrete causes of action should be plead [sic] in separate counts," then that complaint is the quintessential shotgun complaint. <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996) (determining that a complaint that had ninety-nine paragraphs of factual allegations that incorporated all of those paragraphs into the three counts was a shotgun complaint).

A derivative action in relation to loss of consortium claims is one where a lawsuit that arose from an injury to one spouse give rise to an action for loss of consortium because of the injury caused to the other spouse by a third person. <u>Gates v. Foley</u>, 247 So.2d 40, 45 (Fla. 1971); <u>Sanchez v. Martin</u>, 416 So.2d 15, 16 (Fla. 3d DCA 1982); <u>Bombalier v. Lifemark Hospital of Florida</u>, 661 So.2d 849, 852. A loss of consortium claim among spouses is derivative because "it is founded on the relationship between husband and wife." <u>Bombalier</u>, 247 So.2d at 852. Further, "the spouse with the loss of consortium claim has an interest in the litigation only in privity, [and] thus if the injured spouse's claim is defeated, the derivative claim of the other spouse for loss consortium also falls." <u>Id</u>.

## **DISCUSSION**

Defendant, Big Lots, seeks to dismiss Plaintiffs' complaint, in its entirety, on the basis of Defendant's claim that Plaintiffs' original complaint is a shotgun complaint, and thus, Defendant cannot reasonably be expected to frame an appropriate response. (Dkt. 4). Alternatively, Defendants claim that the Court should have the Plaintiffs file a more definite statement and incorporated supporting memorandum based on the same claim. (Dkt. 4).

In their Motion to Dismiss or Strike Complaint, and in the Alternative, for a More Definite Statement and Incorporated Supporting Memorandum, Defendant asserts that the complaint is a shotgun pleading because it contains twelve numbered paragraphs, and Count II begins by incorporating and re-alleging all of the preceding allegations. (Dkt. 4). Defendant claims that allegations may be material to a determination of Count I, but not to Count II, are nonetheless made a part of each count of the complaint. (Dkt. 4).

Plaintiffs' Response to Defendant's Motion to Dismiss or Strike Complaint, or Alternatively for a More Definite Statement and Incorporated Supporting Memorandum asserts that its original complaint was not a shotgun pleading, but instead sets forth all the elements required for the husband's loss of consortium claim. (Dkt. 10). Plaintiffs also assert that their original complaint contains short and plain statements of the grounds for the court's jurisdiction; why the Plaintiffs are entitled to relief; and the demand for the relief that the Plaintiffs are seeking, which fully complies with Federal Rule of Civil Procedure Rule 8. (Dkt. 10). Plaintiffs also state that they will amend Count II to specifically recite all the allegations of Count I, if necessary. (Dkt. 10).

Plaintiffs have properly complied with the requirements of Federal Rule of Civil Procedure 10(b) and 10(c). As the requirements of Federal Rule of Civil Procedure 10(b) delineate, it is proper for a party to refer to prior allegations of a complaint. See Fed. R. Civ. Pro. 10(b). Further, Plaintiffs properly have separated its two bases for relief, Mrs. Kelso's original personal injury claim and Mr. Kelso's loss of consortium claim, into two counts to designate that Plaintiff has two related claims against Defendant. Also, Plaintiffs are allowed to incorporate by reference prior allegations in its first count to subsequent counts, which Plaintiffs have properly done in accordance with Federal Rule of Civil Procedure Rule 10(c). See Fed. R. Civ. Pro. 10(c).

Further, Plaintiffs' twelve count complaint is hardly a shotgun complaint; it does not require the Court to sift through its paragraphs in order to determine what its allegations against the Defendant are. Strategic Income Fund., 305 F.3d at 1295. The types of complaints that reviewing courts generally determine to be shotgun complaints are those that include many numbered paragraphs and many distinct counts, which in turn incorporate by reference the preceding paragraphs in every subsequent count. Id; Johnson Enters. of Jacksonville, Inc., 162 F.3d at 1333; Cesnik, 88 F.3d at 905. However, Plaintiffs' complaint was not of this nature—Plaintiffs' complaint included a short and plain statement necessary to state a claim for both Mrs. Kelso's primary tort action, as well as Mr. Kelso's derivative action. Because Mr. Kelso's action is only before the Court derivatively because of Mrs. Kelso's personal injury claim, it was proper for Plaintiff to re-allege the factual basis of Mrs. Kelso's claim as the basis for Mr. Kelso's claim. Bombalier, 247 So.2d at 852.

## CONCLUSION

Counts I and II of Plaintiffs' complaint properly make claims for relief under applicable federal law. The representations made by the Defendant's Motion to Dismiss or Strike Complaint, or Alternatively for a More Definite Statement and Incorporated Supporting Memorandum (Dkt. 4) are insufficient to overcome the presumptions enjoyed by the Plaintiff at this stage of the proceedings. Accordingly, it is

**ORDERED** that Big Lots' Motion to Dismiss or Strike Complaint, or Alternatively for a More Definite Statement and Incorporated Supporting Memorandum (Dkt. 4) be **DENIED** and the Defendant has ten (10) days from this date to answer this complaint.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 30th day of September, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.