UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVETTE KELSO and JAMES D. KELSO,
her husband,

       Plaintiffs,

v.                                     Case No.: 8:09-cv-01286-T-EAK-TGW

BIG LOTS STORES, INC. d/b/a BIG LOTS,

       Defendant
_____/

## ORDER

This cause is before the Court on the defendant, Big Lots Stores, Inc.'s, Motion for Determination Regarding Applicability of Florida Statutes Section 768.0755 or Florida Statutes Section 768.0710 (Doc. 44). The Court reviewed the Motion for Determination, as well as both the Plaintiff's Supplemental Trial Brief (Doc. 40) and the Defendant's Memorandum in Support of Defendant's Trial Brief Regarding Liability (Doc. 45). For reasons set forth below, the Court determines Florida Statute Section 768.0710 controls in this case.

## BACKGROUND

On July 9, 2009, Plaintiffs Yvette and James D. Kelso brought a negligence action against Big Lots Stores, Inc., based on a "slip and fall," accident which occurred on October 14, 2006. Jurisdiction in this case is founded on diversity; no federal question is involved. Accordingly, this Court must apply Florida substantive law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). At the time of the accident, when the cause of action accrued, and at the time the

case was filed, Florida Statute Section 768.0710 governed the claim, providing that, in a negligence action involving transitory foreign objects or substances against persons or entities in possession or control of business premises, "Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim." Fla. Stat. § 768.0710(2)(b) (repealed 2010). On July 1, 2010, Florida Statute Section 768.0755 came into effect, repealing Florida Statute Section 768.0710. Fla. Stat. § 768.0755 (2010). Under Florida Statute Section 768.0755, a person who slips and falls on a transitory foreign substance in a business establishment "must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1).

## **DISCUSSION**

It is a well established rule of statutory construction that, in the absence of an express legislative statement to the contrary, an enactment that affects substantive rights or creates new obligations or liabilities is presumed to apply prospectively. *Hassen v. State Farm Mut. Auto. Ins. Co.*, 674 So.2d 106, 108 (Fla. 1996); *Arrow Air, Inc. v. Walsh*, 645 So. 2d 422, 425 (Fla. 1994). However, a statute that is procedural in nature does not share the same presumption and may be applied retroactively. *State Farm Mut. Auto. Ins. Co. v. LaForet*, 658 So.2d 55, 61 (Fla. 1995); *Weingrad v. Miles*, 29 So. 3d 406, 409 (Fla. 3d DCA 2010). Substantive law prescribes rights and duties, while procedural law concerns the means and methods to enforce those rights and duties. *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352, 1358 (Fla. 1994). Further, if a statute creates new legal obligations or attaches new legal consequences to events completed before its enactment, the courts will not apply the statute to pending cases, absent clear

legislative intent favoring retroactive application. *Metro. Dade County v. Chase Fed. Hous. Corp.*, 737 So.2d 494, 499 (Fla. 1999); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994); *Arrow Air*, 645 So.2d at 425.

In the present case, the legislature did not indicate intent for the statute to apply retroactively, providing only that "this act shall take effect on July 1, 2010." 2010 Fla. Laws ch. 2010-8. Also, the current statute adds a new element to the claim, creating a new legal obligation and attaching new legal consequences to events that took place before the statute's enactment; therefore, the plaintiff's substantive rights are affected. Because there is no legislative intent for retroactive application, and a substantive right is affected, Florida Statute Section 768.0755 may not be applied to the present case, and Florida Statute Section 768.0710 controls.

The defendant, Big Lots, contends that the current statute is a procedural burden of proof enactment, and therefore applies to all pending cases, including this case; however, the statute does more than alter the burden of proof in a case, it creates an entirely new element that the plaintiff must establish and requires the plaintiff to prove new substantive facts. The defendant relies mainly on three cases involving worker's compensation claims, each of which is distinguishable from the present case. (Doc. 45).

The defendant cites *City of Clermont v. Rumph*, 450 So.2d 573 (Fla. 1st DCA 1984), for the notion that Florida Statute Section 768.0755 is a procedural burden of proof enactment. (Doc. 45 at 4–5). In *Rumph*, the legislature amended a worker's compensation statute, which had previously required a plaintiff to establish that any wage loss resulted from the compensable injury, to also require the plaintiff to show that his inability to find work or earn sufficient money was due to the injury. *Rumph*, 450 So.2d at 575. In finding that the statutory amendment was a

procedural enactment, the court noted that the amendment did not impose a new element, but required the plaintiff to present evidence that "reasonably permits the conclusion" that the injury was part of the causal chain contributing to the wage loss. *Id*. at 576. The court further stated that "wage loss entitlement under the statute does not hinge on direct or affirmative proof of after-injury economic conditions." *Id*. at 576–577.

The present case is distinguishable from *Rumph*. First, the amendment in *Rumph* required the plaintiff in a worker's compensation claim to present additional evidence that would lead to the conclusion that his injury caused his job loss, whereas in this case, the statute adds a new element to the claim itself, requiring the plaintiff to prove new substantive facts and altering the nature of the case. Also, in *Rumph*, the burden was already on the plaintiff to prove that wage losses resulted from the injury, whereas in this case, there was no burden on the plaintiff to prove actual or constructive knowledge on the part of the defendant and the current statute created that burden. Further, the statute in *Rumph* required the plaintiff to present evidence regarding his own inability to find work, whereas the statute in this case requires the plaintiff to prove a new element based on the defendant's knowledge, not the plaintiff's knowledge. Therefore, the statute in this case goes much further than *Rumph* in adding new substantive requirements, and may not be regarded as procedural based on the holding in *Rumph*.

The defendant also relies on *Litvin v. St. Lucie County Sheriff's Dept*., 599 So.2d 1353 (Fla. 1st DCA 1992), for the idea that a change in the burden of proof to require actual knowledge is a procedural enactment; however, the facts and statute in *Litvin* differ from the present case. The statute in *Litvin* corrected a loophole in the previous statute that would excuse a plaintiff in a worker's compensation case from the untimely filing of documents despite the

plaintiff's actual knowledge of the responsibility to file the documents. *Litvin*, 599 So. 2d at 1354–1355. The court concluded that amending the statute to predicate a plaintiff's job search responsibility upon the claimant's actual knowledge was a procedural enactment, relating to the "time, manner, scope, and circumstances under which a job search report must be made." *Id*. at 1355. Thus, the statute in *Litvin* made a procedural correction to a previous statute to require a plaintiff to act in good faith based on his own actual knowledge of the circumstances of his case.

Unlike the statutory amendment in *Litvin*, which required a plaintiff to act based on his own actual knowledge of his responsibility, the statute in this case is of an entirely different nature, requiring a plaintiff to prove knowledge on the part of the defendant, a new substantive element. The amendment in *Litvin* did not require any new facts to be established, and did not create any new legal obligations for the parties, but affected the means and methods of a worker's compensation claim; therefore it may be classified as procedural.

Finally, the defendant relies on *McCarthy v. Bay Area Signs*, 639 So.2d 1114 (Fla. 1st DCA 1994), in which a statutory amendment to a worker's compensation claim was deemed procedural. The court concluded that the statutory changes in question, "insofar as they relate to the method by which the employer . . . [is] entitled to prove voluntary limitation of income, constitute a procedural amendment," and could be applied retroactively. *McCarthy*, 639 So.2d at 1116. Unlike the statute in the present case, which requires the plaintiff to establish and prove a new substantive element, the statutory amendment in *McCarthy* related to the methods by which an employer could prove an element of the claim.

None of the cases relied on by the defendant for the argument that Florida Statute Section 768.0755 is procedural in nature require a plaintiff to present affirmative evidence to prove a

new substantive element of the claim, and none of them involve the plaintiff proving actual or constructive knowledge on the part of the defendant. The three cases on which the defendant most heavily depends are worker's compensation cases that involve statutory changes much less significant than the repealing of Florida Statute Section 768.0710 and enactment of Florida Statute Section 768.0755.

Florida case law further provides that a new statute taking effect after a cause of action has accrued may not be applied to eliminate or curtail the cause of action. *Williams v. Amer. Optical Corp.*, 985 So.2d 23, 30 (Fla. 4th DCA 2008). In *Williams*, a statute was enacted that required plaintiffs in asbestos cases to prove than any malignancy or physical impairment they suffered resulted from their exposure to asbestos. *Id*. at 26. Prior to the statute's enactment, no such proof was required, as the plaintiffs had only been required to show that they suffered from an asbestos-related disease. *Id*. The court held that the new statute may not be applied retroactively, reasoning that the plaintiffs' accrued causes of action required them to show only that they suffered an injury from an asbestos-related disease. *Id*. at 32–33.

The present case is very similar to *Williams*, in that the new statute requires an additional element to be established which the accrued cause of action did not require. The statute in the present case requires the plaintiff to prove actual or constructive knowledge on the part of the defendant, which the previous statute had not required; just as the statute in *Williams* required plaintiffs to prove their injuries resulted from asbestos exposure where such proof had not been required previously. Just as the *Williams* court determined that applying the statute retroactively would affect substantive rights by curtailing a cause of action that had accrued, this Court must

determine that applying the current statute retroactively would affect the plaintiff's substantive rights by restricting her already-accrued cause of action.

## CONCLUSION

Because there is no indication of legislative intent to apply Florida Statute Section 768.0755 retroactively, and because the statute affects the plaintiff's substantive rights, the statute may not be applied retroactively. The statute that controls the burden of proof in this case is Florida Statute Section 768.0710. Accordingly, it is

**ORDERED** that Florida Statute Section 768.0710 governs this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on the 21st day of July, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record